UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARNELL D. DAVIS, JR.,

Plaintiff,

v.

MARTHAKIS, LOTT, and RON NEEL,

Defendants.

CAUSE NO. 3:22-CV-420-RLM-MGG

OPINION AND ORDER

Arnell D. Davis, Jr., a prisoner without a lawyer, filed a complaint alleging he was placed in a disciplinary cell for medical reasons on February 23, 2022. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Davis alleges that when he returned to the Indiana State Prison from the hospital, Dr. Marthakis had him placed in a disciplinary cell for observation. He alleges Lt. Lott told him he would let him out, but didn't. He alleges he wrote to Warden Ron Neel, but wasn't released. "[A]n inmate's liberty interest in avoiding segregation is limited." <u>Hardaway v. Meyerhoff</u>, 734 F.3d 740, 743 (7th Cir. 2013).

An inmate is entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). After Sandin, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. Even "six months of segregation is not such an extreme term [that] standing alone, would not trigger due process rights." Marion v. Columbia Correction Inst., 559 F.3d 693, 698 (7th Cir. 2009) (quotation marks omitted). It's unclear exactly how long Mr. Davis was in segregation, but since he filed this lawsuit only three months after he was placed there, even though he describes harsh conditions, he doesn't state a claim on which relief can be granted because he acknowledges he was placed there for administrative reasons related to his medical condition.

This complaint doesn't state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Davis may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly

completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Arnell D. Davis, Jr., until **January 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Arnell D. Davis, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 5, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT